United States District Court
District of New Hampshire

John R. Griffin, Jr v. Bundy LLC AND HUBBELL INCORPORATED
1:24-CV-141-LM-AJ

Motion For "Legal Fees" Due to Attorney Kevin M. Sibbernsen's
BAD FAITH behavior in this civil Matter.

1.) For the past 15 months I've done my best to litigate this matter with the
proper level of respect for such proceedings. √ Until very recently,
Attorney Kevin M. Sibbernsen has continually √ made outrageous claims,
like I said I wanted to kill all Gays, lesbians and trans genders which is
something I never said. Attorney Sibbernsen has mounted a personal
GAY JIHAD against me in this matter, and Case No. 2024-0700
is now pending a decision on just this matter before the NH Supreme
Court as I write. I've put able of work into this case, and done so honorably.
Therefore, I petition the court to order an award of equitable legal fees
from Jackson Lewis, P.C. for Attorney Sibbernsen's BAD FAITH attack
upon my character. SEE:

Andrew Hall v. Loretann Gascard and Nikolas Gascard, Case No. 16-CV-418-sm
(D.N.H.) ORDER: "The NH Supreme Court has however, recognized
limited exceptions to the general rule... Here, plaintiff seeks fees under the
judicially recognized "Bad Faith Litigation exception". "Under the bad faith
litigation theory, an award of attorney's fees is appropriate when one party
has acted in bad faith, vexatiously, wantonly, or for oppressive reasons,
or obstinate, and when it shall have been unnecessary for the successful party
to have brought the action." SEE ALSO:
FRECHETTE V. WAL-MART STORES, INC. 925 F.Supp. 95 Civil No.
94-430-JD "Wrongful termination (Retaliation) NH has long recognized
that Public Policy militates against the termination of at-will employees in bad
faith. In Monge V. Beebe Rubber Co, the NH Supreme Court held that bad
faith termination breached the contract between the employer and at will
employee. 114 NH 130,133 316 A2d 549, 551 (1974) The Court later construed
Monge to apply only to situations where employee is discharged for performing
an act Public Policy would encourage"
I did file an internal Hostile Work Environment Complaint over Bundy's
"WOKE", Anonymous tip line; and did file OSHA Complaint # 2,102,890 of
which Bundy received notification on December 5, 2023. These protected Acts
would be in keeping with Public Policy.
FACTS IN FAVOR OF SUMMARY JUDGEMENT
1.) I've provided supporting documentation repeatedly in the Past 15 months
2.) The Defendants have ONLY offered ever changing hecssay, from anonymous
Bundy Employees. (Only I have supplied material facts.) SEE:

2.)

Richard Colman V. State of New Hampshire,
Case No. 16-CV-498-LM (D.N.H.)

P.6 "A party moving for Summary Judgement must identify for the District Court the Jportions of the Jrecord that show the absence of any genuine issue of material fact. Florac, Inc V. Airvac, Inc 817 F.3d 849, 853 (1st Cir 2016) "Once the moving party makes the required showing" the burden shifts to the non-moving party, who must with respect to each issue on which he would bear the burden of proof at trial, demonstrate that a trier of fact could reasonably resolve that issue in his favor." Id. This demonstration must be accomplished by reference of materials of evidentiary quality, and that evidence must be more than "merely colorable." Id The non-moving partys failure to make the requisite showing "entitles" the moving party to summary judgement. Id.

See also:
Timothy G. Fair V Patrick Heon and Maria McKenna Case No. 14-CV-83-PB (DNH 2016) "To defeat summary judgement" the non-moving party ~~...~~ ... must produce specific facts sufficient to deflect the swing of the Summary Judgement Scythe." Xiaoyan Tang V. Citizen's Bank N. A. 821 F.3d 206, 215 (1st Cir 2016); Quoting: Mulvhill v. Top-Flite Golf, Co. 335 F.3d 15, 19 (1st Cir 2003).

Prayer for Relief.

1.) find that Attorney Kevin M. Sibberensen has been litigating in "Bad faith" during the first 14 months of this Dispute; By maintaining some type of Gay Vibed against me through his litigation in this case.

2.) Grant equitable monies for all my efforts in this case. ASFP as means of chastizing Attorney Sibberensen and his employer.

Sincerely, John R. Griffin, Jr. John R. Griffin Jr. June 15, 2025
I state a copy of these motions have been sent to Jackson Lewis P.C.